JAY CLAYTON
United States Attorney for the
Southern District of New York
By: Dominika Tarczynska
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2748
Email: dominika.tarczynska@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendant. | 26 Civ. 2980 (MMG) <br><br> **ANSWER OF DEFENDANT** |

Defendant the United States Department of Justice ("DOJ" or "Defendant"), by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, hereby answers the complaint of plaintiffs The New York Times Company and Charlie Savage ("Plaintiffs") upon information and belief as follows:

1.      Paragraph 1 constitutes Plaintiffs' characterization of their claims in this lawsuit, to which no response is required. To the extent Paragraph 1 contains factual allegations to which a response is required, Defendant avers that this action purports to be brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

## PARTIES[1]

2.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.      Defendant admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f)(1). The remaining allegation in Paragraph 4 constitutes conclusions of law, to which no response is required. To the extent that a response is required, Defendant avers that its search for the requested records is ongoing and therefore Defendant currently lacks information sufficient to form a belief as to whether it has possession and control of the requested records.

## JURISDICTION AND VENUE

5.      Paragraph 5 constitutes conclusions of law, to which no response is required.

6.      Paragraph 6 constitutes conclusions of law, to which no response is required.

7.      Paragraph 7 constitutes conclusions of law and Plaintiffs' characterization of 5 U.S.C. § 552(a)(6) *et seq.*, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statutory provision cited in Paragraph 7 for a true and complete statement of its contents.

8.      Paragraph 8 constitutes conclusions of law, to which no response is required.

## FACTS

9.      In response to the allegations of Paragraph 9, Defendant admits that certain material from John Durham's investigation has been declassified.  The remainder of Paragraph 9 constitutes

---

[1] For convenience, section headings of the complaint are included, but they are not part of Defendant's response to the complaint.

Plaintiffs' characterization of this action and their FOIA requests (including their reasons for making them), to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to Plaintiffs' two FOIA requests, which speak for themselves and are the bests evidence of their contents.

### The Investigation of Crossfire Hurricane

10. Paragraph 10 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

11. Paragraph 11 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

12. Paragraph 12 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

13. Paragraph 13 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

14. Paragraph 14 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

15. Paragraph 15 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

16.     Defendant admits that the Department has not released any alleged interim Durham report.

17.     Paragraph 17 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

18.     Defendant admits the allegations of the two substantive sentences of Paragraph 18. To the extent that Paragraph 18 relies on a news article written by Plaintiffs, that article speaks for itself and is the best evidence of its contents.

19.     Paragraph 19 constitutes Plaintiffs' characterization of the 306-page Durham report, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the Durham Report for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize its true contents.

20.     In response to the allegations of Paragraph 20, Defendant admits that the Legislative Branch released a redacted copy of the Durham Appendix.  The remainder of Paragraph 20 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

21.     In response to the allegations of Paragraph 21, Defendant admits that it provided a redacted copy of the Durham Appendix to the Legislative Branch, which was subsequently released in redacted form.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 21.

22.     Paragraph 22 constitutes Plaintiffs' characterization of alleged background

information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

23.     Paragraph 23 constitutes Plaintiffs' characterization of the Classified Appendix, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the Classified Appendix for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize its true contents.

24.     Paragraph 24 constitutes Plaintiffs' characterization of the Classified Appendix , not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the Classified Appendix for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize its true contents.

25.     The first sentence of Paragraph 25 constitutes Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.  The remainder of Paragraph 25 constitutes Plaintiffs' conclusions of law, to which no response is required.    To the extent a response is required, Defendant denies that there is no basis for classification of this material and lacks knowledge or information to form a belief as to the truth of the allegations regarding the Russian government.

26.     In response to the allegations of Paragraph 26, Defendant admits only that it has not released the materials sought by Plaintiffs in this action.

27.     In response to the allegations of Paragraph 27, Defendant denies that it has not released any other documents related to the Durham investigation, as it has released relevant

material pursuant to the FOIA, but admits that it has not released the specific documents described in this paragraph and purported to exist by Plaintiff.

28.     Paragraph 28 constitutes Plaintiffs' characterization of its basis for bringing this action, to which no response is required.

### The Times' FOIA Requests

29.     In response to the allegations of Paragraph 29, Defendant admits that DOJ's Office of Information Policy ("OIP") received a FOIA request from Plaintiffs dated December 14, 2025 (the "December Request"), and assigned it tracking number FOIA-2026-01025. The remainder of Paragraph 15 constitutes Plaintiffs' characterization of the December Request, to which no response is required. Defendant respectfully refers the Court to the December Request for a true and complete statement of its contents.

30.     In response to the allegations of Paragraph 30, Defendant admits that by letter dated January 20, 2026, OIP acknowledged Plaintiffs' December Request and conveyed therein that the request falls within unusual circumstances.    Defendant respectfully refers the Court to OIP's January 20, 2026, letter for a true and complete statement of its contents.

31.     In response to the allegations of Paragraph 31, Defendant admits that as of the date of the Complaint it has not made a final determination regarding Plaintiffs' December FOIA request.

32.     In response to the allegations of Paragraph 32, Defendant admits that OIP received a FOIA request from Plaintiffs dated January 20, 2026 (the "January Request"), and assigned it tracking number FOIA-2026-01400. The remainder of Paragraph 15 constitutes Plaintiffs' characterization of the January Request, to which no response is required. Defendant respectfully refers the Court to the January Request for a true and complete statement of its contents.

33.     In response to the allegations of Paragraph 33, Defendant admits that by letter dated February 13, 2026, OIP acknowledged Plaintiffs' January Request and conveyed therein that the request falls within unusual circumstances.   Defendant respectfully refers the Court to OIP's February 13, 2026, letter for a true and complete statement of its contents.

34.     In response to the allegations of Paragraph 34, Defendant admits that as of the date of the Complaint it has not made a final determination regarding Plaintiffs' January FOIA request.

## FIRST CAUSE OF ACTION

35.     Defendant repeats each and every response set forth herein to the allegations in Paragraphs 1–34 of the Complaint.

36.     In response to the allegations of Paragraph 36, Defendant admits that the Department of Justice is an agency subject to FOIA. The remainder of Paragraph 36 constitutes Plaintiffs' characterization of the FOIA statute or conclusions of law, to which no response is required..

37.     Paragraph 37 constitutes conclusions of law, to which no response is required.

38.     Paragraph 38 constitutes conclusions of law, to which no response is required.

39.     Paragraph 39 constitutes conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 39 and further avers that it has not yet processed the records or asserted any FOIA exemptions.

40.     Paragraph 40 constitutes conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 40.

## SECOND CAUSE OF ACTION

41.     Defendant repeats each and every response set forth herein to the allegations in Paragraphs 1–40 of the Complaint.

42.     In response to the allegations of Paragraph 42, Defendant admits that the Department of Justice is an agency subject to FOIA. The remainder of Paragraph 42 constitutes Plaintiffs' characterization of the FOIA statute or conclusions of law, to which no response is required.

43.     Paragraph 43 constitutes conclusions of law, to which no response is required.

44.     Paragraph 44 constitutes conclusions of law, to which no response is required.

45.     Paragraph 45 constitutes conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 45 and further avers that it has not yet processed the records or asserted any FOIA exemptions.

46.     Paragraph 46 constitutes conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 46.

## REQUEST FOR RELIEF

Paragraphs 47-50 contain Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. For further defenses, Defendant alleges as follows:

## FIRST DEFENSE

Defendant has exercised due diligence in processing Plaintiffs' FOIA requests, and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiffs' FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

## SECOND DEFENSE

Plaintiffs are not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, 5 U.S.C. § 552(b), or the Privacy Act, 5 U.S.C. § 552a.

## THIRD DEFENSE

Defendant has not improperly withheld records requested by Plaintiffs under the FOIA.  5 U.S.C. § 552(b).

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

## FIFTH DEFENSE

Plaintiffs are neither eligible nor entitled to attorney's fees and costs.

\*    \*    \*

Defendant may have additional defenses that are presently unknown but may be ascertained at a later time. Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses pursuant to Federal Rules of Civil Procedure 8 and 12.

Dated: New York, New York
          June 17, 2026

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York

By:    */s/ Dominika Tarczynska*
         DOMINIKA TARCZYNSKA
         Assistant United States Attorney
         86 Chambers Street, Third Floor
         New York, New York 10007

9

Tel.: (212) 637-2748
E-mail: dominika.tarczynska@usdoj.gov