

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 2, 2026

**BY ECF**
Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *The New York Times Co. v. U.S. Dep't of Justice*, 26-cv-2980 (MMG)

Dear Judge Garnett:

      We write jointly on behalf of Defendant the United States Department of Justice ("DOJ" or the "Government") and Plaintiffs the New York Times Company and Charlie Savage, to provide a status update to the Court in the above-referenced Freedom of Information Act ("FOIA") matter, in accordance with the Court's May 18, 2026, Order, ECF No. 12.

      The FOIA requests that form the bases for the complaint in this action generally seek (1) an unredacted copy of the classified appendix to the Durham Report On Matters Related to Intelligence Activities Arising Out of the 2016 Presidential Campaigns (the "Report"), a redacted version of which is attached as Exhibit A to Plaintiffs' Complaint (ECF No. 1-1), (2) copies of specific documents cited in the footnotes of the classified appendix to the Report, including all cited interview reports, (3) a copy of an alleged interim version of the Report from the summer of 2020, and (4) a copy of an alleged September 2020 dissent email or memorandum from Nora Dannehy regarding an alleged interim Report.

      Agency counsel from DOJ's Office of Information Policy ("OIP") has been working diligently to secure needed permissions to access relevant materials on both unclassified and classified systems to conduct a search for potentially responsive materials to Plaintiffs' FOIA requests.  OIP's search is presently pending.  Based on OIP's experience in separate FOIA litigations concerning Durham materials, counsel for OIP believes that the requested materials relating to the classified appendix to the Durham Report presently reside on classified systems. To the extent these requested materials remain classified, OIP may need to consult with the relevant original classification authorities to facilitate a response to Plaintiffs. Such consultation is typically time-intensive.  As to items 3 and 4, OIP presently lacks sufficient information to conclude whether these purported materials exist. A determination about whether such records exist and can be located will require a manual search of the Durham files after agency counsel can access those files.  OIP, via undersigned counsel, will confer further with Plaintiffs after accessing the relevant records repositories, and will update the Court regarding its progress in the next Joint Status Report.

The parties respectfully request to provide a further status report to the Court on September 2, 2026.

We thank the Court for its attention to this matter.

Respectfully,

JAY CLAYTON
United States Attorney

By:     */s/ Dominika Tarczynska*
DOMINIKA TARCZYNSKA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2748
dominika.tarczynska@usdoj.gov

2