**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 2, 2026

**BY ECF**
Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *The New York Times Co. v. U.S. Dep't of Justice*, 26-cv-2980 (MMG)

Dear Judge Garnett:

We write jointly on behalf of Defendant the United States Department of Justice ("DOJ" or the "Government") and Plaintiffs the New York Times Company and Charlie Savage, to provide a status update to the Court in the above-referenced Freedom of Information Act ("FOIA") matter, in accordance with the Court's July 7, 2026, Order, ECF No. 18.

The FOIA requests that form the bases for the complaint in this action generally seek (1) an unredacted copy of the classified appendix to the Durham Report On Matters Related to Intelligence Activities Arising Out of the 2016 Presidential Campaigns (the "Report"), a redacted version of which is attached as Exhibit A to Plaintiffs' Complaint, ECF No. 1-1, (2) copies of specific documents cited in the footnotes of the classified appendix to the Report, including all cited interview reports, (3) a copy of an alleged interim version of the Report from the summer of 2020, and (4) a copy of an alleged September 2020 dissent email or memorandum from Nora Dannehy regarding an alleged interim Report.

The Government previously reported that agency counsel from DOJ's Office of Information Policy ("OIP") has been working diligently to secure needed permissions to access relevant materials on both unclassified and classified systems in order to conduct a search for materials potentially responsive to Plaintiffs' FOIA requests. *See* ECF No. 17. Since the last status update, agency counsel's classified permissions have been obtained while unclassified permissions are still being enabled. Accordingly, OIP has begun its manual searches within classified systems for the materials requested by Plaintiffs, which is presently ongoing. To date, OIP has located nineteen of the thirty-four requested specific documents cited in the footnotes of the classified appendix to the Report. Of those nineteen items, five bear "unclassified, for official use only" markings, while the remaining fourteen items located bear classified markings. OIP is working to move the unclassified items to the unclassified side for review and FOIA processing. Additionally, OIP will work to initiate consultations with the relevant original classification authorities to

facilitate a response to Plaintiffs regarding the materials bearing classified markings.[1] As previously noted, such consultations are typically time-intensive. *Id.*

OIP will continue its search for outstanding material, including any records responsive to items 3 and 4; OIP presently lacks sufficient information to conclude whether these purported materials exist. OIP, via undersigned counsel, will continue to confer further with Plaintiffs as its search progresses, and will update the Court regarding its progress in the next Joint Status Report.

The parties respectfully request to provide a further status report to the Court on November 2, 2026.

We thank the Court for its attention to this matter.

Respectfully,

JAMES M. MCDONALD
United States Attorney

By: */s/ Dominika Tarczynska*
DOMINIKA TARCZYNSKA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2748
dominika.tarczynska@usdoj.gov

[1] Seven items are presently marked "HCS-O," which is a marking for Top Secret HUMINT Control System-Operation. No staff member of OIP has the required security clearance to view information classified as "HCS-O." OIP will temporarily set these materials aside, prioritizing materials that can be viewed and sent for consultation, before endeavoring to determine a path forward on the HCS-O items.